

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 13, 1947

Major General K. L. Berry
The Adjutant General of Texas
Austin, Texas

Opinion No. V-336

Re: Eligibility of ac-
counting and cus-
todial clerks in
the office of the
U. S. Property and
Disbursing Officer
for Texas to bene-
fits under the Em-
ployees Retirement
System of Texas.

Dear Sir:

Your request for an opinion on the above sub-
ject is as follows:

"H. B. 168, Fiftieth Legislature of
Texas, provides for certain retirement
benefits, State employees. Paragraph 1,
Circular No. 4, 7 May 1946, office of the
Chief, National Guard Bureau authorizes
the Adjutant General of the State to em-
ploy and/or discharge civilian account-
ing clerks to assist the U. S. Property
and Disbursing Officers in the perform-
ance of their duties. Paragraph 6 of the
same circular authorizes the Adjutant Gen-
eral to determine the rate of pay of the
above mentioned accounting clerks within
limitations. Paragraph 7 of this circu-
lar authorizes the State Adjutant General
to determine the hours of work of the ac-
counting clerks thus employed, and speci-
fies that said hours of work will not be
less than those set for other employees
of the State engaged in similar work.

"Although the subject accounting
clerks are paid from Federal funds, they
are in effect State employees, since they
are employed by the Adjutant General, who
sets their rate of pay, and determines the

number of hours they shall work. The Adjutant General also may discharge said employees. In view of this your opinion is requested on the following question:

"Are accounting and custodial clerks employed in the office of the U. S. Property and Disbursing Officer for Texas, under the provisions of N. G. B. Circular No. 4, 7 May 1946, subject to the provisions of H. B. 168, Fiftieth Legislature of Texas, and are they eligible for retirement under said bill?

"If the opinion of the Attorney General on this question is not in the affirmative, then information is desired as to whether subject employees can become eligible for retirement, under the provisions of H. B. 168, while they are performing services for the State of Texas, and receiving their pay from Federal funds."

The eligibility of the described employees depends solely upon whether they are within the contemplation of House Bill No. 168.

From examination of the complete Act, we conclude that such employees are not contemplated by the Act.

The "membership annuity" defined in Subsection Q of Section 1, which is one of the elements of the benefits provided for, is made up of "reserve funds contributed by a member and an equal amount of reserve funds contributed by the State."

While the State might contribute to such a reserve fund on a basis of some percentage of the amount paid such employees by the Federal Government, the Act does not so contemplate. Subsection A of Section 8 provides that "all contributions made by the State shall be from and charged to the respective funds appropriated, allocated, and provided to pay the salary or compensation of the employee for whose benefit the contribution is made." The fund created by contributions by the State of Texas as part of the total funds of the System is called the "State Membership Accumulation Fund." Contributions by the State as set

out in Subparagraph a of Paragraph 2 of Subsection
A of Section 8 is under a plan whereby the State con-
tributes funds necessary to make up its allocate por-
tion of the funds available for benefits to members.
The mechanics for collection of the State's contribu-
tions is contained in Paragraph 2 of Subsection B of
Section 8 which contemplates at the outset that funds
appropriated to the payment of salaries shall be re-
appropriated to the extent necessary to make up the
initial contribution by the State. This procedure
is carried out by certification by the State Board of
Trustees for the Retirement System to the State Comp-
troller of Public Accounts and the State Treasurer of
the total compensation paid to members and upon which
the necessary amounts are computed and transferred by
the Comptroller to the State Employees Retirement Fund
from the respective funds appropriated to departments.
Thereafter, similar certifications are made before each
session of the Legislature in order that proper appro-
priations may be made. Obviously from the above, it
appears that this law could not be complied with in res-
pect to the employees named in your inquiry, if for no
other reason than that the initial contributions by the
State are taken from appropriations by the State Legis-
lature setting up the normal funds for the payment of
employees of the State. The employees about which you
inquire are not paid from State appropriations, and
therefore, no machinery is provided for a contribution
by the State in their behalf.

Further evidence of the fact that such em-
ployees as you inquire about are not contemplated by
the Act, is disclosed by the method provided for ef-
fecting the employee's contribution to the fund. Sub-
paragraph a of Paragraph 1 of Subsection B of Section
8 dealing with the collection of member's contributions
prescribes that "each department of the State shall cause
to be deducted on each and every pay roll of a member
for each and every pay roll period beginning on the date
of the establishment of the membership and full opera-
tion of the Retirement System the contributions payable
by such member, as provided in this Act . . ." Subpara-
graph b makes further provisions dealing with payroll
deductions. The provisions of the Act further provide
that payroll deductions and membership shall be auto-
matic. Obviously, the State of Texas is in no position
to enforce nor to effect payroll deductions from a Fed-
eral payroll.

Therefore, under the circumstances outlined in your letter, it is the opinion of this department that such accounting clerks are not contemplated by House Bill No. 168.

As to your final inquiry and request for information as to whether such employees can become eligible for retirement, we have read the entire Act and find no provision for the acceptance of members other than those employed and paid by the State. We might suggest that should the funds from which such employees are paid be contributed directly to the State from the Federal Government and thereafter appropriated by legislative enactment for the payment of the salaries of such persons as employees of the Adjutant General's Department, all subject of course to enabling legislation by the Texas Legislature, such employees might be eligible. However, these are matters for the Legislature and the appropriate Federal authority.

### SUMMARY

Accounting clerks employed, supervised and subject to discharge by the Adjutant General of Texas, and whose rate of pay is set by him, under authority of the United States Government, whose salaries are paid to them by the United States Government, are not within the provisions nor eligible for benefits of the law creating the "Employees Retirement System of Texas."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ned McDaniel
Assistant

NMc:jmc

APPROVED:

ATTORNEY GENERAL.